UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LORIANNE WATTS,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>ENHANCED RECOVERY CORP.; LAW OFFICES OF MITCHELL N. KAY; BUREAU OF COLLECTION RECOVERY; T-MOBILE USA, INC.; AND DOES I-X,<br><br>　　　　　Defendants. | Case No.: 10-CV-02606-LHK<br><br>ORDER DENYING MOTION TO REMAND |

Plaintiff Lorianne Watts moves to remand this action to state court. Pursuant to Local Civil Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument. Having considered the parties' submissions, the Court finds that it has subject matter jurisdiction over the removed action and that none of the procedural defects alleged by Plaintiff require remand. The Court therefore denies Plaintiff's motion to remand. The hearing on the motion to remand is vacated; however, the parties must still attend the Case Management Conference scheduled for September 2, 2010.

1

Case No.: 10-CV-02606-LHK
ORDER DENYING MOTION TO REMAND

## I. BACKGROUND

On April 27, 2010, Plaintiff Lorianne Watts commenced this action in the Superior Court of Santa Clara Country, alleging violations of the state and federal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.; 15 U.S.C. §§ 1692b-1692j, the state and federal Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25 et seq.; 15 U.S.C. § 1681 et seq., the federal Telephone Consumer Protection Act, 47 U.S.C. § 227b(1)(A)(iii), and Section 17200 of the California Business and Professional Code, as well as libel, fraud, negligent misrepresentation, and invasion of privacy/false light. Notice of Removal, Ex. A. The complaint alleges that Defendants T-Mobile USA, Inc., Enhanced Recovery Corp., Law Offices of Mitchell N. Kay, and Bureau of Collection Recovery obtained Plaintiff's personal information in order to pursue collection of a $404.59 debt owed by an individual named Loraine Watis to T-Mobile. Notice of Removal, Ex. A, Compl. ¶¶ 11, 40. Plaintiff claims that she never had an account with T-Mobile and that Defendants' continued collection efforts and adverse credit reporting violated state and federal law and caused her economic and emotional injuries.

Plaintiff mailed the summons and complaint to Defendants by certified mail on May 3, 2010, pursuant to Cal. Code Civ. Pro. §§ 415.40 and 416.10. Decl. of Robin M. Pearson in Supp. of T-Mobile's Opp'n to Mot. to Remand ("Pearson Decl."), Ex. A. Plaintiff did not address the mailings to any individual, but instead addressed them to the corporate entities (i.e., "T-Mobile USA, Inc."). *Id.* On June 17, 2010, Plaintiff filed proof of service in the Superior Court of Santa Clara County. Pearson Decl. 2; *see also* Public Access Case Information Website, Superior Court of California, County of Santa Clara, http://www.sccaseinfo.org/civil.htm.

On June 14, 2010, Defendant T-Mobile filed a notice of removal in this Court. Notice of Removal, ECF No. 1. The notice states that Defendant Law Offices of Mitchell N. Kay joins in the removal. Defendant Enhanced Recovery Corp. joined T-Mobile's notice of removal on July 26, 2010, Def. Enhanced Recovery Corp.'s Joinder in Removal Action, ECF No. 17, and Defendant Bureau of Collection Recovery indicated its agreement with removal in its joinder in T-Mobile's Opposition to the Motion to Remand, filed August 12, 2010. Def. Bureau of Collection Recovery,

2

Case No.: 10-CV-02606-LHK
ORDER DENYING MOTION TO REMAND

LLC's Joinder in T-Mobile's Opp'n and Opp'n to Pl.'s Mot. to Remand Civil Actions to State Ct., ECF No. 24.

Plaintiff moved to remand this case on July 1, 2010, alleging that removal is improper for three reasons: first, because T-Mobile failed to prove an amount in controversy exceeding $75,000; second, because T-Mobile did not remove within 30 days of service; and third, because T-Mobile failed to obtain unanimous consent of all defendants. Plaintiff also seeks costs and expenses related to removal, on grounds that T-Mobile's removal lacked an objectively reasonable basis and was intended to delay and increase the costs of litigation.

## II. LEGAL STANDARD

A Plaintiff may bring a motion to remand to challenge removal of an action to federal court. 28 U.S.C. § 1447(c). In considering a motion to remand, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The party seeking to remove bears the burden of establishing that removal is proper. *Id.*

## III. DISCUSSION

### a. Jurisdictional basis for removal

Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action brought in state court but over which the federal courts would have original jurisdiction. If a court lacks subject matter jurisdiction over a removed action, that action must be remanded. 28 U.S.C. § 1447(c).

Plaintiff Watts alleges that this case must be remanded because T-Mobile failed to prove that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff is correct that in cases removed on the basis of diversity jurisdiction, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Under the Ninth Circuit's standard, "where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a

preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Were diversity of citizenship the only basis of jurisdiction alleged by T-Mobile, this Court would have doubts about the jurisdictional basis for removal. Plaintiff's complaint does not specify a particular amount of damages, and T-Mobile's brief reference to damages awards in other cases, without a comparison to the facts alleged here, does not appear to "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *Sanchez*, 102 F.3d at 404.

However, Defendant T-Mobile alleges 28 U.S.C. § 1331 as an alternate basis for removal jurisdiction, and this Court clearly has federal question jurisdiction over the removed action. A defendant may remove a case to federal court on the basis of § 1331 if "the *plaintiff* 's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). Here, Plaintiff's complaint asserts claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b-1692j, the federal Consumer Credit Reporting Agencies Act, 15 U.S.C. § 1681 et seq., and the federal Telephone Consumer Protection Act, 47 U.S.C. § 227b(1)(A)(iii). Based on these claims, Plaintiff's action clearly arises under federal law, and this Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367. Therefore, the Court has subject matter jurisdiction over the removed action, and any failure to prove the amount in controversy does not constitute grounds for remand.

### b. Procedural Defects in the Notice of Removal

In addition to lack of subject matter jurisdiction, Plaintiff asserts that two procedural defects in Defendant T-Mobile's removal require remand. Plaintiff argues, first, that T-Mobile failed to timely file a notice of removal, and, second, that T-Mobile failed to secure the unanimous consent of all defendants. Both of these arguments turn on whether, and when, Defendants were properly served with the summons and complaint in this action.

4

Case No.: 10-CV-02606-LHK
ORDER DENYING MOTION TO REMAND

### i. 30-day removal deadline

Under 28 U.S.C. § 1446, notice of removal of a civil action must be filed within 30 days after "the receipt by the defendant, through service or otherwise," of the initial pleading that establishes the basis for removal. 28 U.S.C. § 1446(b). The Supreme Court has made clear that the defendant's time to remove is triggered only by formal service of the summons or complaint, "not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322 (1999). To determine whether T-Mobile timely filed its notice of removal, therefore, the Court must determine when, if ever, T-Mobile was formally served.

The sufficiency of service of process prior to removal from state court is determined under state law. *Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir.1993), overruled on other grounds, *California Dept. of Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1096 (9th Cir. 2008). Plaintiff alleges that all Defendants were served pursuant to California Code of Civil Procedure § 415.40 on May 3, 2010, when Plaintiff mailed copies of the summons and complaint to each Defendant by certified mail. California does authorize service of process on persons outside the state "by first-class mail, postage prepaid, requiring a return receipt."[1] Cal. Code Civ. Pro. § 415.40. However, as T-Mobile points out, California requires that service on a corporation, however achieved, be directed to a specific individual. The California Code of Civil Procedure lists the titles of individuals to whom service on a corporation may be delivered, including the corporation's designated agent for service of process, corporate officers, a general manager, or a person authorized by the corporation to receive service of process. Cal. Code. Civ. Pro. § 416.10.

---

[1] Neither party mentions the second sentence of § 415.40, which states that "[s]ervice of a summons by this form of mail is deemed complete on the 10th day after such mailing." By the court's calculation, this would make T-Mobile's notice of removal timely, even assuming Plaintiff properly served T-Mobile by mailing the summons and complaint on May 3, 2010. In that case, service of process was deemed complete on May 13, 2010, and T-Mobile had 30 days to file a notice of removal, or until June 12, 2010. However, since June 12 was a Saturday, T-Mobile's last day to file would have been the next business day, or Monday, June 14, 2010, when T-Mobile did in fact file. However, the court must ascertain whether the Defendants were actually properly served to decide the issue regarding unanimous consent to removal.

5

Case No.: 10-CV-02606-LHK
ORDER DENYING MOTION TO REMAND

Plaintiff's proof of service filed in state court shows that Plaintiff addressed the mailing containing the summons and complaint to "T-Mobile USA, Inc.," Pearson Decl., Ex. A, and T-Mobile provides an affidavit stating that the mailing was received by employee Rob Adams, who is authorized to receive mail, but not to accept service of process.  Decl. of Andrea M. Baca in Supp. of T-Mobile's Opp'n to Mot. to Remand, at 2.  T-Mobile argues that because Plaintiff addressed the mailing to the corporation itself, rather than an individual authorized to receive service of process, and because the person who actually received the mailing was not authorized to receive service of process, Plaintiff has not properly served T-Mobile.  The Court agrees.

In *Dill v. Berquist Construction Company*, the California Court of Appeal held that "in order to serve a corporate defendant by mail at an address outside the state pursuant to section 415.40, a plaintiff must mail the summons to a person to be served on behalf of the corporation, i.e., to one of the individuals specified in section 416.10." 24 Cal. App. 4th 1426, 1436, 29 Cal. Rptr. 2d 746 (Cal. Ct. App. 1994).  In *Dill*, the plaintiff mailed a copy of the summons and complaint to "Berquist Construction Co.," without naming any of the persons to be served described in § 416.10.  *Id.* at 1432, 1434.  The court held that such service does not strictly comply with the service requirements set forth in § 416.10 and did not constitute valid service.  *Id.* at 1436. The court noted that Dill could have been held to have substantially complied with the statute if the summons was actually received by one of the individuals authorized to receive process under § 416.10.  However, because the mailing was received by an employee authorized to receive mail, but not authorized to receive service of process, there was neither strict nor substantial compliance. *Id.* at 1438.

Although the facts of *Dill* are very similar those presented here, Plaintiff argues that *Dill* is distinguishable because in *Dill* no responsive pleading was filed, whereas T-Mobile has received actual notice of the lawsuit and responded to the complaint.  Plaintiff notes that California requires only substantial compliance with the service requirements and suggests that because T-Mobile received actual notice of the complaint, Plaintiff's mailing is sufficient to constitute service.

6

Case No.: 10-CV-02606-LHK
ORDER DENYING MOTION TO REMAND

California courts have held that the statutory provisions regarding service of process require only substantial compliance and "should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant." *Dill*, 24 Cal. App. 4th at 1436 (quoting *Pasadena Medi-Center Associates v. Superior Court*, 9 Cal.3d 773, 778, 108 Cal.Rptr. 828 (1973)).  However, "no California appellate court has gone so far as to uphold a service of process solely on the ground the defendant received actual notice when there has been a complete failure to comply with the statutory requirements for service." *Summers v. McClanahan*, 140 Cal.App.4th 403, 44 Cal.Rptr.3d 338 (Cal. Ct. App. 2006).  Plaintiff has not cited, and this Court has not found, any case in which a summons addressed only to a corporate entity, not directed by name or by title to an individual listed in § 416.10 and not actually received by such person, has been deemed to substantially comply with the statutory requirements.  Nor has Plaintiff alleged that the mailing with the summons and complaint was actually received by an individual authorized to receive service of process.  Therefore, this Court finds that T-Mobile was never formally served and the 30-day period for removal, which is triggered only by formal service, had not yet begun to run when T-Mobile filed the notice of removal.  For this reason, T-Mobile's notice of removal was timely.

### ii. Unanimous consent of Defendants

Plaintiff's final ground for remand is T-Mobile's failure to obtain unanimous consent of all defendants to its petition for removal.  In a case involving multiple defendants, all defendants must join in the removal petition.  *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009).  The Ninth Circuit has held this "rule of unanimity" is satisfied if one defendant avers that the other defendants consent to removal; it does not require filing of individual consent documents by each defendant.  *Proctor*, 584 F.3d at 1225.  Moreover, Defendants who have not been served at the time the petition for removal is filed need not join in removal. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), superseded in part by statute as stated in *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988); *Loya v. Aurora Loan Services LLC*, No. C 10-0490 VRW, 2010 WL 1929618, at *1 (N.D.Cal. May 12, 2010).

7

Case No.: 10-CV-02606-LHK
ORDER DENYING MOTION TO REMAND

Under the Ninth Circuit rule, T-Mobile's statement in the Notice of Removal that Defendant Law Offices of Mitchell N. Kay joined in the removal was sufficient to establish joinder of Defendant Kay at the time of removal. Defendants Enhanced Recovery Corp. and Bureau of Collection Recovery did not join in the notice of removal until July 26, 2010, and August 12, 2010, respectively. However, when T-Mobile filed its Notice of Removal, none of the defendants had been properly served. As discussed above, each defendant was served via certified mail addressed to the corporate entity, rather than an individual authorized to receive process as required by Cal. Code Civ. Pro. § 416.10. *See* Pearson Decl., Ex. A. Such mailing is insufficient to constitute service. Moreover, because Plaintiff failed to file proof of service in state court until June 17, 2010, T-Mobile had no indication that any other defendants had been served, a fact it noted in its Notice of Removal. Because the other defendants in fact had not been served at that time, T-Mobile was not required to obtain their consent to removal.

At this date, none of the defendants has been properly served, but all have joined, one way or another, in the notice of removal. The Court therefore finds that remand on the ground that T-Mobile failed to obtain unanimous consent of all defendants is not warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that it has subject matter jurisdiction over the removed action and that Plaintiff's failure to properly serve the Defendants in this case defeats each of the procedural defects she alleges as grounds for remand. The Court therefore concludes that removal is proper and DENIES Plaintiff's motion to remand.

**IT IS SO ORDERED.**

Dated: September 1, 2010

_____
LUCY H. KOH
United States District Judge