UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LORIANNE WATTS,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>ENHANCED RECOVERY CORP.; LAW OFFICES OF MITCHELL N. KAY; BUREAU OF COLLECTION RECOVERY; T-MOBILE USA, INC.; AND DOES I-X,<br><br>　　　　　　Defendants. | Case No.: 10-CV-02606-LHK<br><br>ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S FOURTH, FIFTH, AND EIGHTH CAUSES OF ACTION WITH LEAVE TO AMEND |

Defendant Enhanced Recovery Corporation moves to dismiss the fourth, fifth, and eighth causes of action asserted in Plaintiff Lorianne Watts's Complaint. Pursuant to Local Civil Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument. Having considering the parties' submissions and the relevant law, the Court GRANTS Defendant's motion to dismiss with leave to amend. Accordingly, the hearing on the motion to dismiss is vacated; however, the Case Management Conference will take place as scheduled on October 21, 2010, at 1:30 p.m.

**I. Background**

This action arises out of attempts by Defendants T-Mobile USA, Inc. ("T-Mobile"), Enhanced Recovery Corp. ("Enhanced Recovery"), Law Offices of Mitchell N. Kay ("Kay"), and

1

1   Bureau of Collection Recovery ("BCR") to collect a debt of a $404.59 allegedly owed by an

2   individual named Loraine Watis to T-Mobile.  Compl. ¶¶ 11, 40.  Plaintiff Lorraine Watts alleges

3   that she was contacted by Defendants Kay and BCR in 2008 regarding this debt.  Comp. ¶ 11.  She

4   informed T-Mobile, Kay, and BCR that she had never had an account with T-Mobile and was not

5   the person responsible for the debt, and she requested that they cease debt collection activity.  *Id.*

6   Defendants continued to pursue the debt, however, and sometime in or around 2009, Enhanced

7   Recovery allegedly obtained Plaintiff's cell number and began making repeated calls to Plaintiff

8   regarding the debt.  Compl. ¶ 13.  Plaintiff alleges that despite her persistent efforts to dispute the

9   debt, Defendants' collection efforts and adverse credit reporting did not cease.  *Id.*

10   In her Complaint, Plaintiff alleges eight causes of action: (1) violation of the state and

11   federal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.; 15 U.S.C. §§ 1692b-

12   1692j; (2) violation of the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25 et

13   seq., and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.; (3) libel; (4) fraud based on

14   intentional misrepresentation; (5) fraud based on negligent misrepresentation; (6) invasion of

15   privacy/false light; (7) violation of the Telephone Consumer Protection Act, 47 U.S.C. §

16   227b(1)(A)(iii); and (8) unlawful and unfair business practices under the California Unfair

17   Competition Law, Cal. Bus. & Profs. Code § 17200 et seq.  Defendant Enhanced Recovery now

18   moves pursuant to Rule 12(b)(6) to dismiss Plaintiff's fourth and fifth causes of action for fraud

19   and eighth cause of action for claims under the Unfair Competition Law.

20   **II.  Legal Standard**

21   A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

22   sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering

23   whether the complaint is sufficient to state a claim, the court must accept as true all of the factual

24   allegations contained in the complaint.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  However,

25   the court need not accept as true "allegations that contradict matters properly subject to judicial

26   notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or

27   unreasonable inferences."  *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d

28

**United States District Court**
For the Northern District of California

1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

Additionally, claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Under the federal rules, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. Pro. 9(b). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**III. Discussion**

**A. Fraudulent Misrepresentation Claims (fourth and fifth causes of action)**

In her fourth and fifth causes of action, Plaintiff alleges that Defendants' committed fraud through intentional misrepresentation and negligent misrepresentation. To determine if the elements of fraud have been pleaded to state a cause of action the Court looks to state law. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009). In California, the elements of fraud are: (1) misrepresentation; (2) knowledge of falsity (scienter); (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Id.* California also recognizes a claim for negligent misrepresentation, which allows recovery in the absence of scienter or intent to defraud. *Los Angeles Unified School Dist. v. Great American Ins. Co.*, 49 Cal. 4th 739, 750 n.5, 234 P.3d 490

3

Case No.: 10-CV-02606-LHK
ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S FOURTH, FIFTH, AND EIGHTH CAUSES OF ACTION WITH LEAVE TO AMEND

1   (2010). The elements of negligent misrepresentation are: "(1) the misrepresentation of a past or
2   existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to
3   induce another's reliance on the fact misrepresented, (4) justifiable reliance on the
4   misrepresentation, and (5) resulting damage." *National Union Fire Ins. Co. of Pittsburgh, PA v.*
5   *Cambridge Integrated Services*, 171 Cal. App. 4th 35, 50, 89 Cal. Rptr. 3d 473 (Cal. Ct. App.
6   2009) (quotation marks and citation omitted).

7   Defendant argues that Plaintiff fails to state a claim for fraud based on intentional or
8   negligent misrepresentation because the Complaint does not allege facts tending to show that
9   Plaintiff justifiably relied on misrepresentations. The Court agrees. Plaintiff is correct that "[i]n
10  exceptional situations, when plaintiffs cannot be expected to have personal knowledge of the facts
11  constituting the wrongdoing, the heightened pleading standard normally required for fraud may be
12  relaxed." *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 997 (N.D. Cal. 2009). However, this
13  is not such an exceptional situation. Whether Plaintiff relied on Defendants' misrepresentations is
14  a fact within Plaintiff's personal knowledge that must be alleged in the Complaint. *See Shroyer v.*
15  *New Cingular Wireless Services, Inc.*, --- F.3d ----, No. 08-55028, 2010 WL 3619936, at *5 (9th
16  Cir. May 26, 2010) (affirming dismissal of fraud claim for failure to plead reliance). Because
17  Plaintiff has not alleged that she relied on Defendants' representations that she owed a debt to T-
18  Mobile or had an account with T-Mobile under the name Loraine Watis, she has not alleged facts
19  sufficient to state a claim for fraud. Accordingly, the Court GRANTS Defendant's motion to
20  dismiss Plaintiff's fourth and fifth causes of action with leave to amend.

21  **B. Standing under the UCL (eighth cause of action)**

22  In her eighth cause of action, Plaintiff seeks restitution under the California Unfair
23  Competition Law ("UCL"), Cal. Bus. & Profs. Code § 17200 et seq. Compl. ¶ 50. Defendant
24  argues that Plaintiff lacks standing to sue under the UCL because she has not alleged the loss of
25  any money or property as a result of Defendants' allegedly unfair or unlawful business practices.
26  The Court agrees.

4

Case No.: 10-CV-02606-LHK
ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S FOURTH, FIFTH, AND EIGHTH CAUSES OF
ACTION WITH LEAVE TO AMEND

In 2004, California voters limited standing under the UCL to "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Profs. Code § 17204; *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 788, 233 P.3d 1066 (2010). Although Plaintiff alleges that Defendants' conduct resulted in adverse credit reporting, Compl. ¶ 13, the Complaint does not allege any actual loss of money or property resulting from the adverse reporting or from Defendants' other practices. In her opposition brief, Plaintiff claims that she expended money in disputing Defendants' debt collection efforts and may have suffered injury due to the decline in her credit rating. Pl.'s Mem. of Points and Authorities in Opp'n to Def.'s Mot. to Dismiss 4, ECF No. 44. While this suggests that she may be able to amend the Complaint to allege a loss of money or property, the Complaint itself does not plead these facts. *See Swain v. CACH, LLC*, 699 F. Supp. 2d 1117, 1122 (N.D. Cal. 2009) (dismissing claim where opposition brief suggested monetary loss but complaint did not allege such loss). Accordingly, the Court must conclude that the Complaint, as currently pled, does not allege facts sufficient to establish standing under the UCL. The Court also notes that to the extent Plaintiff seeks restitution, rather than injunctive relief, Compl. ¶ 51, she will be entitled to relief under the UCL only if she can show that she once "had an ownership interest in . . . money or property acquired by the defendant through unlawful means."[1] *Shersher v. Superior Court*, 154 Cal. App. 4th 1491, 1500, 65 Cal. Rptr. 3d 634

---

[1] Some courts have held that the availability of restitution is actually a standing requirement under the UCL. These courts have concluded that the 2004 amendment limits standing to Plaintiffs who have suffered a loss of money or property that is recoverable in restitution under the UCL. *See, e.g.*, *Silvaco Data Systems v. Intel Corp.*, 184 Cal. App. 4th 210, 245, 109 Cal. Rptr. 3d 27 (Cal. Ct. App. 2010) ("The 2004 amendment essentially stripped private plaintiffs of the power to maintain such a suit unless they could assert an entitlement to restitutionary relief in their own right. A private plaintiff unable to state a factual basis for personally recovering such relief can no longer maintain an action under the UCL."); *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 817, 66 Cal. Rptr. 3d 543 (Cal. Ct. App. 2007) ("Because remedies for individuals under the UCL are restricted to injunctive relief and restitution, the import of the requirement is to limit standing to individuals who suffer losses of money or property that are eligible for restitution."); *Walker v. Geico General Ins. Co.*, 558 F.3d 1025, 1027 (9th Cir. 2009) (affirming ruling that Plaintiff lacked standing because "he cannot establish the requisite 'lost money or property' for purposes of monetary relief under the UCL").
    Other courts have found standing where a plaintiff alleged some loss of money or property, even if the loss was not eligible for restitution. *See, e.g.*, *Swain v. CACH, LLC*, 699 F. Supp. 2d 1117, 1122 (N.D. Cal. 2009) ("Plaintiff will have standing if she alleges a loss of money or property in which she had prior possession or a vested legal interest, even if that loss is not eligible for restitution."); *Aron v. U-Haul Co. of Cal.*, 143 Cal. App. 4th 796, 802-03, 49 Cal. Rptr. 3d 555 (Cal. Ct. App. 2006) (holding that plaintiff's allegations of economic loss by being required to

(Cal. Ct. App. 2007); *see also Kraus v. Trinity Management Services, Inc.*, 23 Cal. 4th 116, 126-27, 999 P.2d 718 (2000) (stating that restitution in the context of the UCL means "orders compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken"). Because Plaintiff has not alleged a loss of money or property sufficient to establish standing under the UCL, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim under the UCL with leave to amend.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's fourth, fifth, and eighth causes of action with leave to amend. Plaintiff shall file an amended Complaint within 30 days of this order. If Plaintiff chooses not to pursue the claims dismissed in this Order, Plaintiff shall file an amended Complaint including only those claims not at issue in this motion. This Order does not authorize the addition of new claims or parties; should Plaintiff seek to add new claims, she must seek leave of the Court pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: October 19, 2010

_____
LUCY H. KOH
United States District Judge

---

purchase excess fuel from a third party before returning truck to defendant were sufficient for standing under the UCL, without discussing restitution). In *Clayworth*, the California Supreme Court considered an appellate court decision finding that Plaintiffs lacked standing because they had fully mitigated their damages and thus could not recover in restitution. 49 Cal. 4th at 789. In that case, the Court held that the standing requirement does not require "that plaintiffs prove compensable loss at the outset," *id.* at 789, but did not address how the standing requirement applies outside the unusual facts of *Clayworth*. The Court did state, however, that "the right to seek injunctive relief under section 17203 is not dependent on the right to seek restitution." *Id.* at 790. It thus appears that inability to allege a loss recoverable in restitution should not bar standing under the UCL to seek injunctive relief. However, if Plaintiff seeks only restitution, she may need to allege facts tending to show that she is entitled to that remedy under the UCL in order to establish standing or to state a claim for relief.

6

Case No.: 10-CV-02606-LHK
ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S FOURTH, FIFTH, AND EIGHTH CAUSES OF ACTION WITH LEAVE TO AMEND