UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LORIANNE WATTS, | Case No.: 10-CV-02606-LHK |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO SHORTEN TIME |
| v. | |
| ENHANCED RECOVERY CORP.; LAW OFFICES OF MITCHELL N. KAY; BUREAU OF COLLECTION RECOVERY; T-MOBILE USA, INC.; AND DOES I-X, | |
| Defendants. | |

On December 15, 2010, Plaintiff filed a Second Motion to Remand to be heard on March 3, 2011. On December 16, 2010, Plaintiff moved to shorten time so that her motion to remand could be heard at the previously scheduled hearing on Defendant T-Mobile's motion to dismiss on January 13, 2011. Pursuant to Civil Local Rule 6-3(c), any opposition to Plaintiff's motion to shorten time was due by Monday, December 20, 2010.

On December 20, 2010, Defendant T-Mobile filed an opposition to Plaintiff's motion to shorten time. Def.'s Opp'n, ECF No. 70. T-Mobile argues that the motion should be denied because Plaintiff's motion does not adequately address the requirements set forth in the Local Rules and does not identify substantial harm or prejudice that would occur if time is not shortened. The Court acknowledges that there are a number of deficiencies in Plaintiff's motion. For instance, the motion does not describe Plaintiff's efforts to obtain a stipulation to shorten time or the effect

1

Case No.: 10-CV-02606-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO SHORTEN TIME

of the requested modification on the case schedule, as required by Civil Local Rule 6-3(a). Nonetheless, the Court finds that Plaintiff's motion adequately describes the harm she seeks to avoid. Plaintiff's forum of choice was the California Superior Court. Removal of this action to federal court inevitably caused some delay of her case, and Plaintiff seeks to return to state court without incurring further delay. While the Court does not express an opinion on the merits of Plaintiff's motion to remand, the Court agrees that it is important to determine the appropriate forum for this action as soon as possible. T-Mobile has not argued that Defendants would be prejudiced if the motion to remand is heard on January 13, 2011, and in fact Defendant Enhanced Recovery has already filed an opposition to Plaintiff's Second Motion to Remand. Def. Enhanced Recovery Corp.'s Opp'n to Pl.'s Second Mot. to Remand, ECF No. 69. The issues presented in Plaintiff's motion to remand are narrow in scope, and the Court believes that they may be adequately addressed in time for the January 13 hearing date.

Accordingly, the Court GRANTS Plaintiff's motion to shorten time. Plaintiff's Second Motion to Remand shall be heard on January 13, 2011, at 1:30 p.m. In order to avoid possible prejudice to Defendants from a shortened briefing schedule, the Court will provide extra time for the filing of opposition briefs, as follows:

(1) Opposition briefs shall be filed by Monday, January 3, 2011.

(2) Plaintiff shall file a reply by Friday, January 7, 2011.

The briefing schedule for Defendant T-Mobile's Motion to Dismiss shall remain unchanged, as set by the Local Rules.

**IT IS SO ORDERED.**

Dated: December 21, 2010

_____
LUCY H. KOH
United States District Judge

2

Case No.: 10-CV-02606-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO SHORTEN TIME