UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LORIANNE WATTS,<br><br>                    Plaintiff,<br>       v.<br><br>ENHANCED RECOVERY CORP.; LAW OFFICES OF MITCHELL N. KAY; BUREAU OF COLLECTION RECOVERY; T-MOBILE USA, INC.; AND DOES I-X,<br><br>                    Defendants. | Case No.: 10-CV-02606-LHK<br><br>ORDER DENYING MOTION TO REMAND; GRANTING T-MOBILE'S MOTION TO DISMISS WITH LEAVE TO AMEND |

Currently before the Court are Plaintiff Lorianne Watts's Second Motion to Remand and Defendant T-Mobile's motion to dismiss, or, in the alternative, for summary judgment. Plaintiff, who is represented by counsel, failed to oppose T-Mobile's motion and failed to file a reply in support of her motion to remand. Plaintiff's counsel also did not appear at the motion hearing and case management conference held on January 13, 2011. Having considered the submissions and arguments of the parties, the Court DENIES Plaintiff's motion to remand and GRANTS Defendant T-Mobile's motion to dismiss with leave to amend.

**I. Background**

This action arises out of attempts by Defendants T-Mobile USA, Inc. ("T-Mobile"), Enhanced Recovery Corp. ("Enhanced Recovery"), Law Offices of Mitchell N. Kay ("Kay"), and

Bureau of Collection Recovery ("BCR") to collect a debt of a $404.59 allegedly owed by an individual named Loraine Watis to T-Mobile.  FAC ¶¶ 11-13, 31.  Plaintiff Lorriane Watts alleges that she was contacted by Defendants Kay and BCR in 2008 regarding this debt.  FAC ¶ 11.  She alleges further that she informed T-Mobile, Kay, and BCR that she had never had an account with T-Mobile and was not the person responsible for the debt, and she requested that they cease debt collection activity.  *Id.*  Defendants Kay and BCR continued to pursue the debt, however, and sometime in or around 2009, Enhanced Recovery allegedly obtained Plaintiff's cell phone number and began making repeated calls to Plaintiff regarding the debt.  FAC ¶ 11, 13.  Plaintiff claims that despite her persistent efforts to dispute the debt, Defendants' collection efforts and adverse credit reporting did not cease.  *Id.*

Plaintiff filed her original Complaint in state court on April 27, 2010, asserting both state and federal causes of action.  Defendants removed the action to federal court on June 14, 2010.  Notice of Removal, ECF No. 1.  Plaintiff moved to remand the case to state court based on procedural defects in the removal process, but this Court denied Plaintiff's motion, finding removal timely and proper.  Order Denying Mot. to Remand, ECF No. 36.  The Court then considered Defendant Enhanced Recovery's motion to dismiss three of Plaintiff's state law causes of action for intentional misrepresentation, negligent misrepresentation, and violations of the California Unfair Competition Law, Cal. Bus. & Profs. Code § 17200 *et seq*.  On October 19, 2010, the Court granted the motion to dismiss with leave to amend the dismissed claims.  Order Granting Mot. to Dismiss Pl.'s Fourth, Fifth, and Eighth Causes of Action with Leave to Amend 6, ECF No. 55.  Although none of Plaintiff's federal causes of action were at issue in the motion to dismiss, when Plaintiff filed a First Amended Complaint ("FAC") on November 17, 2010, she omitted both the dismissed state law causes of action and her federal claims.

The complaint as amended alleges four state law causes of action: (1) violations of the California Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*; (2) violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25 *et seq.*; (3) libel; and (4) invasion of privacy/false light.  Plaintiff now moves to remand the action to state court on

1   grounds that the Court lacks subject matter jurisdiction because the FAC no longer contains federal

2   claims.  In addition, Defendant T-Mobile moves to dismiss Plaintiff's FAC as to T-Mobile only, or,

3   in the alternative, seeks summary judgment as to T-Mobile only, on grounds that none of the

4   causes of action contained in the FAC state a claim against T-Mobile.  Pursuant to the case

5   scheduled adopted on September 2, 2010, fact discovery closed on December 6, 2010, and this case

6   is set for trial in April 2011.  Minute Order & Case Management Order, ECF No. 37.

## II. Motion to Remand

### A. Legal Standard

A Plaintiff may bring a motion to remand to challenge removal of an action to federal court. 28 U.S.C. § 1447(c).  Once the action has been removed, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded.  *Id.*  In considering a motion to remand, "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments."  *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  Because of the "strong presumption" against removal jurisdiction, the defendant bears the burden of establishing the facts to support jurisdiction.  *Gaus*, 980 F.2d at 566-67.

### B. Discussion

Plaintiff argues that this Court now lacks subject matter jurisdiction over this action because the First Amended Complaint no longer contains federal causes of action, and she requests that the Court remand the case to state court on this ground.  As an initial matter, the Court notes that it is not divested of subject matter jurisdiction on the basis of Plaintiff's amended complaint.  In a removed action, "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments."  *Sparta Surgical*, 159 F.3d at 1213.  Accordingly, "a plaintiff may not compel remand by amending a complaint to eliminate the federal

3

Case No.: 10-CV-02606-LHK
ORDER DENYING MOTION TO REMAND; GRANTING T-MOBILE'S MOTION TO DISMISS WITH LEAVE TO AMEND

1    question upon which removal was based." *Id. See also Williams v. Costco Wholesale Corp.*, 471

2    F.3d 975, 976 (9th Cir. 2006) (per curiam) ("We have long held that post-removal amendments to

3    the pleadings cannot affect whether a case is removable, because the propriety of removal is

4    determined solely on the basis of the pleadings filed in state court."). Because the Court has

5    already determined that federal question jurisdiction existed at the time of removal, Order Denying

6    Mot. to Remand 4, Plaintiff's decision to omit her federal claims from the First Amended

7    Complaint does not divest this court of subject matter jurisdiction.

8          Moreover, as Defendants point out, it is not clear that Plaintiff has in fact omitted all of her

9    federal claims from the First Amended Complaint. Although styled as a claim for violations of

10   California's Fair Debt Collection Practices Act, Plaintiff's first cause of action contains an

11   allegation that Defendants violated 15 U.S.C. § 1692g(b) by refusing to cease collection activity on

12   a debt disputed by Plaintiff. FAC ¶ 16(c). The Court cannot determine whether (a) retention of

13   this federal claim in the FAC was simply an oversight, (b) Plaintiff intends to allege a violation of

14   Cal. Civ. Code § 1788.17, which requires compliance with 15 U.S.C. §§ 1692b – 1692j, or (c)

15   Plaintiff intends to allege an independent claim under the federal Fair Debt Collection Practices

16   Act. As Plaintiff's counsel did not file a reply in support of the motion to remand and did not

17   appear at the motion hearing, Plaintiff has waived two opportunities to explain the presence of this

18   federal claim in the FAC. Accordingly, it appears that Plaintiff has conceded that her claim under

19   15 U.S.C. § 1692g(b) is a federal claim that confers federal question jurisdiction on this Court and

20   prevents remand of the case to state court.

21         Even if the Court assumes, however, that Plaintiff would be willing to strike the federal

22   allegation from the FAC, the Court agrees with Defendants that remand is not warranted at this

23   stage of the case. As noted above, removal jurisdiction is analyzed at the time of removal, and "a

24   plaintiff may not compel remand by amending a complaint to eliminate the federal question upon

25   which removal was based." *Sparta Surgical*, 159 F.3d at 1213. Nonetheless, in cases where all

26   federal claims have dropped out and only pendent state law claims remain, a district court has

27   discretion to remand the removed case upon a determination that retaining jurisdiction over the

4

case would be inappropriate. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988). "A district court's decision whether to exercise [supplemental jurisdiction over state claims] after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 129 S.Ct. 1862, 1866 (2009). In determining whether remand is appropriate, a district court should consider "the values of judicial economy, convenience, fairness, and comity." *Cohill*, 484 U.S. at 350. The court should also take into account whether the plaintiff has attempted to manipulate the forum by deleting federal claims, *id.* at 357, and whether the state claims present novel or complex issues of state law. 28 U.S.C. § 1367(c); *see also Holly D. v. California Institute of Technology*, 339 F.3d 1158, 1181 n.28 (9th Cir. 2003) (remanding remaining state law claims because they "require[d] multiple decisions on important, unsettled, and policy-laden issues of California law").

In this case, the Court believes that the balance of factors favors retaining jurisdiction over Plaintiff's state claims. Plaintiff's case has been in federal court for approximately seven months now. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir. 1991) (noting that retention of pendent claims may be appropriate even when case has been in federal court as little as four months). During that time, the Court ruled on three of Plaintiff's state claims, *see* Order Granting Mot. to Dismiss Pl.'s Fourth, Fifth, and Eighth Causes of Action with Leave to Amend 6, ECF No. 55, and set a schedule, stipulated to by the parties, that would allow Plaintiff to resolve her case expeditiously in federal court. Under the case schedule, fact discovery closed on December 6, 2010, more than a month ago. Dispositive motions are due by January 20, 2011, two days from now. Trial is set for April 11, 2011, less than three months from now. The Court has also referred the case to court-sponsored mediation, and the parties have selected a mediator. *See* ADR Clerks Notice Appointing Barbara Clay as Mediator, EFC No. 57.

It is true that the Court has not yet ruled on any of the claims in Plaintiff's First Amended Complaint, and in that sense, the Court has not invested extensive resources in the state claims currently alleged. However, Defendant T-Mobile's motion to dismiss the FAC is currently before the Court, and Plaintiff moved for remand only after T-Mobile filed its motion. No party has

5

Case No.: 10-CV-02606-LHK
ORDER DENYING MOTION TO REMAND; GRANTING T-MOBILE'S MOTION TO DISMISS WITH LEAVE TO AMEND

argued that Plaintiff's state claims involve complex or unsettled issues of state law, and the Court has no reason to believe these claims cannot be resolved competently in federal court. Moreover, as this Court has never indicated that Plaintiff's federal claims may lack merit, the Court is concerned that Plaintiff may have dropped her federal claims in an attempt to manipulate the forum. The Court notes, in addition, that Plaintiff has declined to submit arguments as to why the values of judicial economy, convenience, fairness, and comity support a discretionary remand, either in a reply to Defendants' opposition briefs or through argument at the motion hearing.

Considering the proximity of trial, the relatively straight-forward appearance of Plaintiff's state law claims, and the seven months of federal litigation in this case, the Court concludes that retaining supplemental jurisdiction over Plaintiff's state claims will best serve judicial economy, convenience, comity, and fairness.[1] Accordingly, the Court DENIES Plaintiff's motion to remand.

### III. T-Mobile's Motion to Dismiss

#### A. Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If a court grants

---

[1] Because the Court concludes that the case should remain in federal court on the basis of federal question and supplemental jurisdiction, the Court does not decide whether diversity jurisdiction provides an independent jurisdictional basis that would require the case to remain in federal court.

a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### B. Discussion

Plaintiff's First Amended Complaint asserts three causes of action against Defendant T-Mobile: (1) the first cause of action for violations of California's Fair Debt Collection Practices Act; (2) the third cause of action for libel; and (3) the fourth cause of action for invasion of privacy/false light. T-Mobile argues that none of these causes of action state a viable claim against it. Accordingly, T-Mobile moves to dismiss the entire FAC as against T-Mobile only pursuant to Federal Rule 12(b)(6), or, in the alternative, seeks summary judgment in its favor. Plaintiff has not opposed the motion.

#### 1. California Fair Debt Collection Practices Act

Plaintiff's first cause of action alleges two violations of the California Fair Debt Collection Practices Act, also known as the Rosenthal Act, Cal. Civ. Code. §§ 1788 et seq, and a violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(b). First, Plaintiff alleges that Defendants violated California Civil Code § 1788.10(c) by making periodic monthly reports to credit reporting agencies that falsely represented that the debt at issue was owed by Plaintiff. FAC ¶ 16(a). As T-Mobile points out, although Plaintiff alleges that BCR and Kay reported adverse credit information to credit reporting agencies, FAC ¶ 11, the amended complaint does not allege that T-Mobile made any communications regarding the purported debt to any credit reporting agencies. Additionally, while the FAC alleges that T-Mobile assigned the underlying debt to BCR, Kay, and Enhanced Recovery, FAC ¶ 12, it does not allege that T-Mobile represented to the other Defendants that the debt belonged to Lorianne Watts, as opposed to Loraine Watis, or otherwise made communications likely to defame Plaintiff. *See* § 1788.10(c) (prohibiting certain communications that the debt collector should have known would defame the consumer). Thus, the FAC does not establish any factual basis for finding T-Mobile liable under § 1788.10(c).

Second, Plaintiff alleges that Defendants violated California Civil Code § 1788.13(j) by "communicating with plaintiff by false representation that she owed a purported debt incurred by

7

Case No.: 10-CV-02606-LHK
ORDER DENYING MOTION TO REMAND; GRANTING T-MOBILE'S MOTION TO DISMISS WITH LEAVE TO AMEND

1  'Loraine Watis.'"  FAC ¶ 16(b).  As above, although Plaintiff alleges that BCR and Kay contacted
2  her about the debt in 2008, FAC ¶ 11, and that Enhanced Recovery contacted her about the debt in
3  2009, FAC ¶ 13, the FAC does not allege that T-Mobile ever communicated with Plaintiff about
4  the alleged debt.  Nor does the FAC allege that T-Mobile in any way represented, to Plaintiff or to
5  anyone else, that a legal proceeding would be instituted unless the debt was paid.  *See* Cal. Civ.
6  Code. § 1788,13(j) (prohibiting attempts to collect a debt through false representation that legal
7  proceedings have been or will be instituted if the debt is not paid).  Thus, the FAC does not set
8  forth facts sufficient to state a plausible claim against T-Mobile under § 1788.13(j).

9  Finally, Plaintiff alleges that Defendants violated 15 U.S.C. § 1692g(b) by refusing to cease
10 collection activity on a debt disputed by Plaintiff.[2]  To the extent that Plaintiff intends to allege a
11 violation of federal law, the FAC does not contain any facts suggesting that T-Mobile is a "debt
12 collector" such that Section 1692g(b) of the federal FDCPA would apply.  *See* 15 U.S.C. §
13 1692a(6) (defining "debt collector" to include any person who uses interstate commerce or the
14 mails "in any business the principal purpose of which is the collection of any debts, or who
15 regularly collects . . . debts . . . owed or due another").  A creditor is not a "debt collector" under
16 the FDCPA unless it uses a name other than its own so that it appears that a third person is
17 attempting to collect the debt.  *Id.*; *see also Rowe v. Educational Credit Management Corp.*, 559
18 F.3d 1028, 1031 (9th Cir. 2009) ("a 'creditor' is not a 'debt collector' under the FDCPA").
19 Because Plaintiff has not alleged that T-Mobile is the business of collecting debts or has used a
20 name other than its own in collecting its own debts, the FAC does not state a claim against T-
21 Mobile under the federal FDCPA.

---

[2] As discussed above, it is unclear whether Plaintiff intends to allege a claim directly under the federal FDCPA or whether she means to allege a violation of Cal. Civ. Code § 1788.17, which requires compliance with 15 U.S.C. §§ 1692b – 1692j.  The cause of action is labeled "Violation of California's Fair Debt Collection Practices Act," but the allegation as to 15 U.S.C. § 1692g(b) simply states "Defendants' violations included, but were not limited to . . . . Violation of 15 U.S.C. sec. 1692g(b) by refusing to cease collection activity on a debt disputed by plaintiff within 30 days of receipt of collection notices."  FAC ¶ 16(c).  There is no mention of Cal. Civ. Code § 1788.17.  The allegation may have been mistakenly retained from the original Complaint, which alleged both state and federal causes of action.

8
Case No.: 10-CV-02606-LHK
ORDER DENYING MOTION TO REMAND; GRANTING T-MOBILE'S MOTION TO DISMISS WITH LEAVE TO AMEND

Moreover, to the extent that Plaintiff intends to state a claim under Section 1788.17 of the California Act, which defines "debt collector" more broadly, *see* Cal. Civ. Code § 1788.2(c), Plaintiff has not alleged that T-Mobile was ever engaged in collection activities or, therefore, that it refused to cease collection activities as required after Plaintiff disputed the debt. *See* 15 U.S.C. § 1692g(b) (where debt is disputed, requiring debt collector to cease collection activities until it obtains and mails a copy of the debt verification to the consumer); FAC ¶¶ 11, 13 (describing collection activities by Defendants BCR, Kay, and Enhanced Recovery). Thus, the FAC does not set forth facts sufficient to state a plausible claim against T-Mobile for violations of 15 U.S.C. § 1692, either directly under federal law or indirectly as a claim under Cal. Civ. Code § 1788.17. Accordingly, Plaintiff's first cause of action for violations of the California Fair Debt Collection Practices Act is DISMISSED, with leave to amend, as to Defendant T-Mobile only.

### 2. Libel

Plaintiff's third cause of action alleges a claim of libel against all Defendants. To state a claim for libel under California law, a plaintiff must allege "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645, 85 Cal. Rptr. 2d 397 (Cal. Ct. App. 1999); *see also* Cal. Civ. Code §§ 45-46; *Cort v. St. Paul Fire and Marine Ins. Companies, Inc.*, 311 F.3d 979, 985 (9th Cir. 2002). Publication does not require communication to the public at large, but the communication must be made to some third person who understands the defamatory meaning of the false statement. *Maldonado*, 72 Cal. App. 4th at 645. Plaintiff alleges that Defendants libeled Plaintiff by reporting to credit agencies that that she owed a debt to T-Mobile that was actually incurred by "Loraine Watis." FAC ¶ 20.

Plaintiff's amended complaint alleges, on information and belief, that T-Mobile assigned the purported debt of "Loraine Watis" to BCR, Kay, and Enhanced Recovery. FAC ¶ 12. The FAC does not allege that T-Mobile communicated with credit reporting agencies or had any involvement with the debt collection process beyond its assignment of the debt of "Loraine Watis" to the other Defendants. Although Plaintiff's libel cause of action includes a conclusory allegation

1    that defendants "either reported or authorized the reporting to national credit reporting agencies"
2    that Plaintiff owed the debt of "Loraine Watis," the FAC includes no factual allegations suggesting
3    that T-Mobile authorized or caused the other Defendants to report that the assigned debt was owed
4    by Plaintiff.  Nor does the complaint contain allegations suggesting that T-Mobile communicated
5    to the other Defendants that the debt of "Loraine Watis" was actually owed by Lorianne Watts, and
6    that the other Defendants then republished this statement.  As Plaintiff failed to oppose T-Mobile's
7    motion, she has raised no argument as to why, based on the limited allegations in the amended
8    complaint, the court should find it plausible that T-Mobile intentionally published a defamatory
9    statement about Plaintiff.  Without factual allegations plausibly suggesting that T-Mobile
10   communicated to the other Defendants that Plaintiff owed the assigned debt or authorized them to
11   report such information to credit reporting agencies, the FAC is insufficient to state a claim for
12   libel against T-Mobile.  Accordingly, Plaintiff's third cause of action for libel is DISMISSED, with
13   leave to amend, as to Defendant T-Mobile only.

### 3.  Invasion of Privacy/False Light

Finally, Plaintiff's fourth cause of action alleges invasion of privacy/false light against all defendants.  The tort of false light invasion of privacy is similar to libel, except that it requires the invasion of some type of privacy interest in addition to reputational harm.  *Cort*, 311 F.3d at 987.  Aside from this distinction, "California courts have largely collapsed 'false light' causes of action into libel."  *Cort*, 311 F.3d at 987; *see also Aisenson v. American Broadcasting Co.*, 220 Cal. App.3d 146, 161 269 Cal. Rptr. 379 (Cal. Ct. App. 1990) ("A 'false light' cause of action is in substance equivalent to a libel claim, and should meet the same requirements of the libel claim.").  Thus, Plaintiff's cause of action for false light against T-Mobile suffers from the same deficiencies as her libel claim.  While the FAC includes allegations suggesting that the other defendants may have made statements to credit reporting agencies that Plaintiff owed a debt to T-Mobile, there are no factual allegations suggesting that T-Mobile made any such statements, either to the credit reporting agencies or to the other Defendants.  Plaintiff's allegations are therefore insufficient to state a claim for false light invasion of privacy against T-Mobile.  Accordingly, Plaintiff's fourth

10

Case No.: 10-CV-02606-LHK
ORDER DENYING MOTION TO REMAND; GRANTING T-MOBILE'S MOTION TO DISMISS WITH LEAVE TO AMEND

cause of action for invasion of privacy/false light is DISMISSED, with leave to amend, as against T-Mobile only.

As the Court has found that the three causes of action asserted against T-Mobile fail to state a claim against T-Mobile, Plaintiff's FAC, as currently pled, does not contain a plausible basis for relief against this particular defendant. Accordingly, the Court GRANTS Defendant T-Mobile's motion to dismiss the entire FAC, with leave to amend, as to T-Mobile only. Because the Court has granted T-Mobile's motion to dismiss, it does not reach T-Mobile's alternative motion for summary judgment.

### IV. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's motion to remand and GRANTS, with leave to amend, Defendant T-Mobile's motion to dismiss the FAC as to T-Mobile only. The Court recognizes that, under the current case schedule, dispositive motions are due this week. Accordingly, if Plaintiff wishes to amend her complaint to cure the deficiencies in the allegations against T-Mobile, she is directed to inform Defendants and work with them to stipulate to a revised case schedule that would permit her to file a Second Amended Complaint without unduly delaying the case. If Plaintiff chooses not to pursue her claims against T-Mobile, the Court encourages the parties to stipulate to the dismissal of T-Mobile from the case pursuant to Rule 41(a).

**IT IS SO ORDERED.**

Dated: January 18, 2011

_____
LUCY H. KOH
United States District Judge